Zel M. Fischer and Paul C. Wilson, Judges,
concurring
We concur with the result in the principal opinion but write separately to address Plaintiffs’ argument that Sanders v. Ahmed, 364 S.W.3d 195 (Mo. banc 2012), does not control in this case. For the reasons set forth below, Sanders controls, and we are constrained to vote accordingly-
The issue in this case is whether the constitutional right to a jury trial prohibits the legislature from capping the amount of noneconomic damages recoverable in a statutorily created cause of action. In answering this question, the Court does not write upon a blank slate. The nature and extent of the constitutional right to a jury trial in civil cases has been litigated often in this Court in recent years. In State ex rel. Diehl v. O’Malley, 95 S.W.3d 82 (Mo. banc 2003), this Court held that the trial court erred in not allowing the jury to determine the plaintiffs damages in a claim brought under the Missouri Human Rights Act. Diehl, therefore, did not address the question of statutory caps on damages. Instead, it addressed only whether the plaintiff had a constitutional right to a jury trial. The Court held that the plaintiff had that right.
Diehl has filed a civil action, for damages only, under the Missouri Human Rights Act. This action is neither equitable nor administrative in nature. Diehl’s civil action for damages for a personal wrong is the kind of case triable by juries from the inception of the state’s original constitution. The respondent judge’s order overruling Diehl’s request for a jury trial denied her constitutional right to trial by jury under article I, sec. 22(a) of the Missouri Constitution.
Id. at 92.
In Scott v. Blue Springs Ford Sales, Inc., 176 S.W.3d 140 (Mo. banc 2005), the Court again faced the question of whether a plaintiff has a constitutional right to have the jury determine the propriety and amount of punitive damages even though the claim was statutory (i.e., under the Missouri Merchandising Practices Act (“MMPA”)). Referring to Diehl, Scott states:
The Court explained that in applying the right to trial by jury, the question is whether the proceeding is analogous to an action at common law or whether it is in the nature of a suit in equity, and that, from the status of the right as of 1820, the simple analysis is whether the action is a civil action for damages. If so, the jury trial right is to remain inviolate. Applying these rules, the Court then held that the constitutional right to trial by jury applies even in a statutory action if the statutory remedy is damages because the statutory action is indeed a civil action for damages.
Scott, 176 S.W.3d at 142 (citations omitted). Accordingly, Scott — like Diehl— holds that “a statute is not valid that provides for punitive damages but precludes a jury trial to determine those damages.” Id.
*569 The broad distinction drawn in Diehl and Scott between claims for damages (to which the constitutional jury trial right attaches) and equitable or administrative claims (to which the constitutional right does not attach) was applied faithfully by this Court as long as the question remained whether the legislature could take away the right to a jury trial in a common law or statutory cause of action. See Nitro Distrib., Inc. v. Dunn, 194 S.W.3d 339, 352 (Mo. banc 2006) (“In civil actions, of course, the right to trial by jury attachés only to actions at law for which damages may be awarded, not to suits in equity.”); Netco, Inc. v. Dunn, 194 S.W.3d 353, 362 (Mo. bane 2006) (same). This distinction was not applied, however, when the Court approached the decidedly different question of whether the constitutional right to a jury trial prohibited the enforcement of legislatively enacted caps on damages recoverable under common law or statutory causes of action.
In Estate of Overbey v. Chad Franklin Nat’l Auto Sales N., LLC, 361 S.W.3d 364 (Mo. banc 2012), as in Scott, the Court was faced with a claim for punitive damages under the MMPA. But, even though Scott holds that the constitutional right to a jury trial attaches to such a claim, Overbey holds that this constitutional right is no bar to the enforcement of legislatively enacted caps on the amount of punitive damages recoverable in a statutory cause of action.
[T]he Overbeys chose to bring a statutory claim under the MMPA rather than a common law fraud claim. The substance of their claim, therefore, must be determined by reference to the MMPA rather than by reference to the common law. Scott teaches that the legislature could not take from the Overbeys their right to have the jury rather than a judge determine whether they had met their burden of proof as to actual or punitive damages once the legislature had provided that plaintiffs are permitted to recover such damages under the MMPA. But the legislature did not permit unlimited recovery of such damages under the MMPA or under any statute. It chose instead to enact section 510.265, which limits the substantive right of recovery of punitive damages to a maximum of $500,000 or five times actual damages, whichever is greater.
The legislature, in so doing, at least in regard to a statutorily created cause of action such as the MMPA, did not “intervene in the judicial process” or “establish a procedure for adjudicating a substantive claim” in the manner prohibited by Scott but rather limited “the substance of the claims themselves,” as it has a right to do in setting out the parameters of a statutory cause of action. Indeed, it could have precluded recovery of punitive damages altogether. For this reason, application of the limits in section 510.265 to the Overbeys’ recovery of punitive damages under the MMPA does not violate their right to jury trial under article I, section 22(a) of the Missouri Constitution.
Id. at 376 (citations omitted).
As a result, Overbey makes it clear that the analysis in Diehl and Scott — an. analysis that focuses solely on whether a cause of action (statutory or common law) is one for damages rather than an equitable claim or administrative action — is not the analysis to be used in determining whether the constitutional right to a jury trial bars enforcement of legislatively enacted caps on the amount of damages recoverable under a statutory cause of action. Instead, in Overbey, the Court held that such caps would be enforced even though the constitution protected the right to a jury trial. Id.
Sanders reinforced this point. There, the Court held that — because wrongful death was a statutory cause of action — the *570 constitutional jury trial right did not prohibit the enforcement of legislatively enacted caps on the amount of noneconomic damages recoverable in such an action. Sanders had no cause to address whether a' plaintiff has a constitutional right to a jury trial to determine damages (including noneconomic' damages). If it had, presumably it would have followed Diehl and Scott in holding that the plaintiff has that right. But the question of the constitutional validity of statutory caps on the amount of damages recoverable under a statutory cause of action requires a different analysis, and this Court held in Sanders — as it did in Overbey — that such caps are not unconstitutional and will be enforced even though the plaintiff has a constitutional right under Diehl and Scott, to a jury trial subject to whatever caps the legislature may decide to impose.
Plaintiffs-in the present case contend that Sanders was overruled by Watts v. Lester E. Cox Medical Centers, 376 S.W.3d 633 (Mo. banc 2012). This is incorrect. First, the principal opinion in Watts does not mention Sanders, and this Court is loath to consider its precedents to have been overruled by implication. See State v. Honeycutt, 421 S.W.3d 410, 422 (Mo. banc 2013) (“this Court presumes, absent a contrary showing, that an opinion of this Court has not been overruled .sub silen-tio”). Second, and more importantly, Watts could not have overruled. Sanders because the issue before the Court -in Watts was the constitutional validity of statutorily enacted caps on the amount of damages recoverable under a common law theory. Sanders, on the other hand, dealt with the constitutional validity of such caps on the amount of damages recoverable under a statutory cause of action, and Over-bey and Sanders emphasize that the two issues are to be treated differently.
Lewellen v. Franklin, 441 S.W.3d 136 (Mo. banc 2014), reinforces this distinction. There, the plaintiff sought recovery for actual and punitive damages, both under the MMPA and for common law fraud. The jury awarded $25,000 in actual damages and $1 million in punitive damages on each claim. The plaintiff did not challenge the application of the caps in section 510.265, RSMo Supp.2013, to the punitive damages award under the MMPA because Overbey previously held that caps on the amount of damages recoverable under a statutory cause of action were not unconstitutional. Id. at 142 n .9. The plaintiff in Lewellyn did challenge the application of section 510.265 to the punitive damages award on the common law fraud claim, however, and Lewellen — bound by Watts— held that the constitution prohibits the enforcement ' of statutory caps on the amounts recoverable on a common law claim. Id. at 144.
Now, the Court returns to the precise question that was decided in Sanders, i.e., whether the constitution prohibits the enforcement of statutory caps on the amounts recoverable under a statutory cause of action. Sanders holds that it does not, and this Court is bound to follow Sanders in this case.
Judge Teitelman’s dissent in this case argues that the Court must apply the same analysis used in Diehl and Scott to decide whether the constitutional right to a jury trial prohibits the enforcement of statutory caps on the amounts that may be recovered under a statutory cause of action. But that analysis has never been used to answer this question. Diehl and Scott did not address the constitutional validity of statutory caps on damages recoverable under statutory causes of action but, instead, determined that the legislature could not take away the plaintiffs right to a jury trial regardless of whether the claim was a common law or statutory cause of action. Overbey and Sanders make clear, however, *571 that the plaintiffs constitutional right to a jury trial does not preclude the enforcement of statutory caps on the amount that may be recoverable.- The former is a question of procedure, which the constitution protects, while the latter is a question of the contours of the substantive right to recover, which the legislature alone must decide. See Overbey, 361 S.W.3d at 376 (“The legislature, in so doing [enacting the caps], at least in regard to a statutorily created cause of action such as the MMPA, did not ‘intervene in the judicial process’ or ‘establish a procedure for adjudicating a substantive claim’ in the manner prohibited by Scott but rather limited -‘the substance of the claims themselves,’ as it has a right to do in setting out the parameters of a statutory cause 1 of action.”) (citations omitted).
The argument made in Judge Teitel-man’s dissent in this case was made by the dissent in Overbey and rejected by the Court in that case. The argument made in Judge Teitelman’s dissent in this case also was made by the dissent — and rejected by the Court — in Sanders, Now, the Court must again reject this argument and hold that — under Overbey, Sanders, Watts, and Lewellyn — the constitutional validity of legislatively enacted caps turns on whether the legislature is attempting to limit recovery on a common law cause of action (which the constitutional jury trial right does not allow) or under a statutory cause of action (which the constitution permits). This is so even though Diehl and Scott hold that the right to a jury trial applies in both cases.
If the analysis in Diehl and Scott were the proper way to determine the constitutional validity of legislative caps on statutory causes of action, as Judge Teitelman’s dissent argues it should be, we would be compelled to vote with Judge Teitelman’s dissent in this case. But, if the analysis in Diehl arid Scott were the proper way to determine the constitutional validity of legislative caps on statutory causes of action, the Court could not have reached the results it did in Overbey and Sanders. As a result, we can reach no conclusion other than to follow Overbey and Sanders and hold that the constitutional right to jury trial does not prohibit the enforcement of legislative caps on the amounts recoverable under a statutory cause of action.
' The question is not whether we believe Diehl, Scott, Overbey, Sanders, Watts, or Lewellyn were correctly decided. The holdings of Diehl and' Scott that the constitutional jury trial right applies in all cases whether the claim arises under the common law or by statute — and the line drawn in Overbey, Sanders, Watts, and Lewellyn that the constitutional jury trial right prohibits the enforcement-of statutory caps oh amounts recoverable on a common law cause of action but is not offended by such caps on amounts recoverable under a statutory cause of action — are authoritative constructions of one of our most important constitutional rights. .They have been applied faithfully by this Court and have engendered substantial reliance by the General Assembly and other stakeholders. Accordingly, these cases cannot be ignored or overruléd without a substantial showing that they were incorrectly decided or that they reached a proper result on improper grounds. No such showing has been made here.